CITY OF BANGOR *vs.* INHABITANTS OF MADAWASKA.

Penobscot.    Opinion April 14, 1881.

*R. S., c. 24, § § 27, 28.    Pauper.    Notice.    Estoppel.*

The failure of the overseers of the poor of the defendant town to return an answer to the notice sent to them by the overseers of the poor of the plaintiff town, estops the defendants to deny that the pauper had a settlement in the defendant town notwithstanding the pauper has not been removed to the latter town; such a removal, or a reasonable excuse for not making it, is not essential to create the estoppel provided by R. S., c. 24, § 27.

AGREED STATEMENT OF FACTS.

Action for pauper supplies.

Writ dated February 20, 1880.    Plea, general issue.

Notice was sent November 12, 1878. The pauper was not removed to the defendant town.

Question submitted to the court:

If the defendants did not deny, are they estopped to deny the settlement of the pauper in their town?

If they are so estopped, case to stand for trial; otherwise a nonsuit to be entered.

*T. W. Vose,* city solicitor, for the plaintiff, cited: R. S., c. 24, § 27; *Ellsworth* v. *Houlton,* 48 Maine, 416.

*Wilson & Woodward,* for the defendants.

The defendants would not be estopped to show that the pauper belonged to the plaintiff. *New Bedford* v. *Hingham,* 117 Mass. 445; *Turner* v. *Brunswick,* 5 Maine, 31.

Are they estopped to deny that he belonged to them?

The question is now raised for the first time in this State. The question was not argued or mentioned by either counsel or the court, in *Kennebunkport* v. *Buxton,* 26 Maine, 61.

Estoppels are not to be favored, because the truth may be excluded. *Leicester* v. *Rehoboth,* 4 Mass. 180; *Turner* v. *Brunswick, supra; Marshpee* v. *Edgartown,* 23 Pick. 156.

We claim that by R. S., c. 24, § 28, the failure to deny and the removal of the pauper, are both conditions precedent to the creation of the estoppel. There are so many contingencies affecting the safe transmission of the notice and denial, it is clearly probable that the legislature did not intend that an estoppel should be created without actually removing the pauper.

The statute says the estoppel shall operate upon an "action brought to recover for the expenses incurred for his previous support, and for his removal."

What meaning have the words, "previous support," and "for his removal," if the construction we contend for, is not correct? See *Ellsworth* v. *Houlton,* 48 Maine, 416.

The decision in *Petersham* v. *Coleraine,* 9 Allen, 91, seems to be adverse to us, but the court in their opinion in that case, did not allude to, or discuss the point.

WALTON, J. This is a pauper suit. The notice provided for by R. S., c. 24, § 27, was sent by the plaintiff town to the defendant town. The latter neither removed the pauper nor returned the answer provided for in § 28. The question is whether a removal of the pauper by the plaintiffs to the defendant town is essential to the creation of the estoppel provided for in the latter section. We think not. If the town receiving the notice neither removes the pauper, nor returns an answer within

two months, it is estopped to deny that the pauper has a settlement therein ; and the town sending the notice may cause him to be removed to that town, and may recover the expenses of the removal, and of his previous support ; and we think the right to remove, and the right to recover expenses incurred for his previous support, are independent rights ; that either may be exercised without exercising the other ; and that the estoppel applies whether exercised jointly or severally ; that the term "previous support" does not mean support furnished before a removal, but support furnished prior to the commencement of the suit.

It is said that this precise question is now raised for the first time in this State. But the defendants' counsel admit that it has been raised and decided adversely to their position in Massachusetts. And in two cases in this State, we think the decisions must be regarded as impliedly, if not expressly, adverse to their position. The defendants' counsel have supported their position by a very able and ingenious argument, but it fails to satisfy us that our interpretation of the statute is not the correct one. *Petersham* v. *Coleraine*, 9 Allen, 91 ; *Ellsworth* v. *Houlton*, 48 Maine, 416 ; *Kennebunkport* v. *Buxton*, 26 Maine, 61.

*Case to stand for trial.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.